## No. 9065.

### EDWARD IRWIN VS. GREAT SOUTHERN TELEPHONE AND TELEGRAPH COMPANY.

Where from the allegations of the plaintiff it appears that the apprehended injury is compensable by money, and the bond for the dissolution of the injunction covers the sum fixed by the plaintiff as damages, no appeal will lie from the order of dissolution.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

---

*T. Gilmore & Sons* for Plaintiff and Appellant.

*Bayne & Denègre* for Defendants and Appellees.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. The motion is based on the allegation that the order appealed from is interlocutory and cannot work irreparable injury.

The suit is an injunction of erecting a telegraph pole in front of the plaintiff's property because it will interfere with access to it, and will obstruct his lights and view, and will become a permanent nuisance. On application of the defendant the injunction was dissolved on a bond of $2,500, under art. 307 Code Prac. The appeal is from this order for dissolution.

The sum claimed as damages in the petition is "over two thousand dollars." The bond required of the defendant covers the full claim. We have held that an order dissolving an injunction cannot work irreparable injury where the bond upon its dissolution equals the amount of damages that will be sustained, Osgood v. Black, 33 Ann. 493, and that when the plaintiff alleges that the act complained of is compensable by money, the injury which he apprehends is reparable. Levine v. Michel, 34 Ann. 1181.

It does not appear from any of the allegations of the plaintiff that the injury apprehended is of such nature that it cannot be compensated by money, e. g. the injury to the balcony of his building in weakening its support may be repaired by the sum required to strengthen it as before—the diminution of rents, by the sum lost during the pendency of the suit, etc.

The appeal is dismissed.