Lattier et al. vs. Abney et als.

## No. 301.

---

## No. 299.

A. LATTIER ET AL. VS. W. M. ABNEY, PRESIDENT POLICE JURY, ET. ALS.

A writ of injunction having issued, the defendant filed a motion to dissolve it on bond.

It being evident that the apprehended injury is compensable in money, and not irreparable, the application is granted, and the court *a qua* directed to accept bond and security dissolving the injunction.

APPEAL from the Second District Court, Parish of Bossier. *Boone, J.*

Lattier et al. vs. Abney et als.

*Watkins & Watkins* for Plaintiffs and Appellees.

---

*J. A. W. Lowry*, District Attorney, and *Laud & Laud* and *Joannes Smith* for Defendants and Appellants:

1. An appeal will lie from an order refusing to dissolve an injunction on bond. 32 An. 394; 38 An. 50.
2. An injury is not irreparable when it can be made good or repaired by money. The sworn allegation of plaintiff in injunction to the contrary is not conclusive. 32 An. 1192; 33 An. 930; 37 An. 110.
3. Order of dissolution is proper when the injury is compensable by money, and the bond covers the sum fixed by the plaintiff as damages. 36 An. 772.
4. Right of Police Jury to dissolve on bond is the same as any other litigant, and has been recognized. 32 An. 1192. Any person bound by law or a judgment may execute a legal or judicial bond. C. C. 3064.

---

The opinion of the court was delivered by

BREAUX, J. Plaintiffs allege that they are taxpayers of Bossier parish, in which they reside and own property, and as such have a common interest exceeding $2000 in preventing the illegal expenditure by the Police Jury of the money of the parish in building a jail.

They also aver that the town of Benton is not the parish site of Bossier parish, but is the temporary place for holding courts pending a litigation to determine where the parish site shall be, and that provision has been made for the safekeeping of prisoners during the pendency of the suit.

They also allege that, under Act 33 of 1888, an election was held to determine the location of the parish seat, but that the Police Jury has failed to make legal compilation of the returns and to promulgate the result. They allege that the proceedings of the Police Jury favoring the recognition of Benton as the parish site are illegal and null, and they supplement the issues presented by a statement of the facts involved in the mandamus suit of Davis, Mayor, vs. Police Jury, decided during the present term of this court. They enjoined the Police Jury and the Pauly Jail Building and Manufacturing Company from entering into, executing, or carrying out a contract for the construction of a jail at Benton to cost $7580.

The defendants admit that the Police Jury has made a contract for the construction of a jail, as alleged. They allege that Benton is the parish seat.

The District Judge granted the order for writs of injunction to issue as prayed for.

The defendants filed a motion to dissolve the injunction on bond.

An order was entered refusing motion to bond.

Defendants appealed.

Plaintiffs move to dismiss the appeal on the grounds that the order of refusal to permit the defendant to bond was not signed, and that it will not cause irreparable injury.

It is not needful that interlocutory judgments be signed to be appealed from when they cause irreparable injury.    Klotz vs. Macready, 35 An. 596.

The court judicially notices its prior decrees and evidence in these cases pertinent to the issue in a pending case.    Mower vs. Kemp, 42 An. 1007.

The decision of this court in case of Parish of Caddo vs. Parish of Bossier, 42 An. 939, shows that the latter parish has been without a jail for six or seven years.

It is admitted in plaintiffs' pleadings, that there is no jail in the parish at this time.

The statutes of the State make it the duty of the Police Jury to provide a jail.

Delay will occasion irreparable injury.  Public order and the proper administration of justice require that a good and sufficient jail be constructed within a reasonable time.

The defendants have a right to an appeal on their petition to dissolve the injunction on bond.

On the merits the questions no longer present great difficulty.

Avoiding to decide the injunction on its merits, we, notwithstanding, must take notice of the fact that the parish seat of Bossier parish is definitely settled, and that the necessity of delaying the construction of a jail at Benton, on the grounds alleged by plaintiff, no longer exists.

The issue is limited to the right to bond.

The sole purpose of the injunction was to prevent the expenditure of $7580 of parish funds to build a jail at a place not definitely settled as a parish seat.

That question being decided, the injunction can be dissolved on bond.

The allegations of plaintiffs, and all the issues, make it evident that any apprehended injury is compensable in money.

Plaintiffs aver that they have a common interest exceeding $2000.

A bond will protect them from all injury.

The conditions of the bond and the sureties will amply protect plaintiffs.

It is ordered, adjudged and decreed that defendants' motion to dissolve the injunction in this case be granted, and that the Judge of the District Court of the Second Judicial District, in and for the parish of Bossier, accept a bond from the Police Jury and security to secure plaintiffs from injury; that this case be remanded, at plaintiffs' costs, to be further proceeded with according to law.