(36 South. 481.)

No. 15,202.

STATE ex rel. BAYOU SARA LUMBER CO.,
Limited, v. BRUNOT, Judge.

(April 11, 1904.)

INJUNCTION—DISSOLUTION—BOND—APPEAL.

1. Where the plaintiff in injunction and sequestration, suing to recover an undivided half interest in 2,000 saw logs, fixes his damages in the sum of $1,000, and the value of the logs at a certain price, and the district judge orders that the writs be dissolved and the property be released on defendant's giving bonds covering both the alleged damages and value, no appeal lies from such order; the alleged injury being compensable in money, and therefore not irreparable. See Irwin v. Telephone Co., 36 La. Ann. 772, and authorities there cited.

(Syllabus by the Court.)

Application by the state, on the relation of the Bayou Sara Lumber Company, Limited, for writs of mandamus and prohibition to H. F. Brunot, judge of the Twenty-Second Judicial District Court. Writs denied.

Thomas J. Kernan, for relator. Respondent judge, pro se. Charles C. Bird and T. Jones Cross, for respondent.

LAND, J. The plaintiff caused a number of saw logs to be seized under writs of sequestration, and at the same time sent out a writ of injunction restraining and prohibiting the defendant from manufacturing, selling, or disposing of said logs, and from moving any of them from the place where they were at the date of the institution of the suit.

Under the writ of sequestration, the sheriff seized two lots of logs, aggregating 1,502, in possession of the defendant, and located in the Mississippi river.

The defendant presented a petition to the court, representing that the property seized was in a precarious condition, requiring expense and labor for its preservation; that the logs seized had been so long in the water that they would sink without the support of other timber; that, should the rafts in which said logs were secured be broken by the action of winds or waves, a heavy loss by sinkage would result, and that said timber is leashed in rafts along with other logs belonging to defendant, the title to which is not in question; that defendant is desirous of sawing and marketing these logs, but, should they be removed, the logs under seizure, or the greater portion thereof, would sink or be lost.

Wherefore defendant prays that the writs of sequestration and injunction be dissolved, and said property be released from seizure, upon defendant executing bonds in accordance with law, and in sums to be fixed by the court.

The district judge ordered that the writ of sequestration be dissolved on bond of $1,315, and the writ of injunction on bond of $1,000, and that plaintiff be served with a copy of the order. On the same day plaintiff appeared and moved the court for a suspensive appeal, which the judge refused to grant; it appearing from the pleadings that any injury that the plaintiff might suffer was compensable in money, and the amounts of the bonds, respectively, being equal to the value of the property and amount of damages claimed in the petition.

Plaintiff excepted to the ruling of the court, and took his bill. The release bonds were executed on the same day.

Plaintiff applied to this court for writ of mandamus and prohibition, and we granted a temporary restraining order, and a rule on the defendant judge to show cause why the relief prayed for should not be granted.

The answer of the respondent judge is, in substance, that the demands of plaintiff were compensable in money, and that it was made to appear to the court that the property seized was in a precarious condition, the logs water-sogged and ready to sink; being largely, if not entirely, supported by other high floating logs belonging to defendant,

not under seizure, and the title to which was not in dispute.

It appears from the allegations of the petition that a large number of pine logs, some belonging to plaintiff, and some belonging to defendant, which were being floated down the Mississippi river, escaped from the men in charge, and were carried down into the Atchafalaya river; that it was agreed that plaintiff should recover said logs for the equal and joint account of said owners, and at their joint expenses, and to tow them to the head of the last-named river, and there secure them until they could be taken out into the Mississippi river, where they were to be equally divided between the parties; that plaintiff, acting under this agreement, succeeded in recovering 2,000 of said logs, at an expense of $600; that it was afterwards agreed that said logs should be towed by a tug under charter to defendant to a certain point on the Mississippi river, and the division made there; that defendant caused all of said logs to be towed far beyond the point agreed on for the division thereof, and landed them at two places in the parish of East Baton Rouge; and that defendant has refused to deliver to plaintiff its share of said logs, and to reimburse one-half of the expenses, to wit, $300, though amicably demanded so to do.

Plaintiff further alleged damages in the sum of $1,000, that his undivided half interest in said 2,000 logs was worth $1,750, and that he had a privilege on the same for $600, expenses incurred in recovering and preserving said property.

The petition further alleged that defendant would·convert said logs into timber, and sell and dispose of·same, to the irreparable damage and injury of plaintiff, and that a writ of injunction was necessary, etc.

Petitioner further alleged that said logs were worth $1.75 apiece, were susceptible of a partition in kind, and that he had been unlawfully and tortiously deprived of the same.

The prayer of the petition is that plaintiff be decreed to be the owner of an undivided half interest in said logs, and that the same be partitioned in kind, for judgment against the defendant for $1,300, with interest, and recognizing plaintiff's privilege for $600 on said property; that the sequestration be maintained, and said logs be restored to the possession of plaintiff; and finally that the writ of injunction be made perpetual, etc.

The only question in the case is whether the injury is compensable in money. Lattier v. Abney, 43 La. Ann. 1016, 10 South. 360.

Plaintiff fixes his damages in the sum of $1,000, his expenditures in the sum of $600, and the value of the property at $1.75 per log.

The sum that will satisfy all his demands can be figured with absolute certainty.

In Irwin v. Telephone Co., 36 La. Ann. 772, the court said:

"The sum claimed as damages in the petition is 'over two thousand dollars.' The bond required of defendant covers the full claim. We have held that an order dissolving an injunction cannot work irreparable injury where the bond, upon its dissolution, equals the amount of damages that will be sustained (Osgood v. Black, 33 La. Ann. 493), and that, when the plaintiff alleges that the act complained of is compensable in money, the injury which he apprehends is reparable (Levine v. Michell, 34 La. Ann. 1181)."

Hence, neither of the writs can be considered as working irreparable injury to plaintiff, and he has no right to appeal from the dissolving order. In none of the cases cited by him were the damages fixed by the allegations.

It is therefore ordered, adjudged, and decreed that the restraining order issued in this case be set aside and recalled, and the

application of relator for writs of mandamus and prohibition be denied; applicant to pay all costs of this proceeding.