## MINDEN SYRUP CO. v. APPLEGATE.*
### No. 4630.

Court of Appeal of Louisiana.
Second Circuit.
Nov. 3, 1933.

Drew & Richardson, of Minden, for appellant.

Watkins & Watkins, of Minden, for appellee.

TALIAFERRO, Judge.

H. C. Applegate, defendant herein, prior to October 9th, 1931, was the owner of and conducted a business in the city of Minden, La., called the Minden Syrup Company. He interested Jonah M. Phillips and his son-in-law, Byron M. Lumpkin, in the business and induced them to join with him in the organization of a corporation to absorb his company and to carry on the business in the future. The petition alleges that Applegate submitted to Phillips and Lumpkin a statement of the assets and liabilities of the company, before incorporating, which showed the net assets to be $3,982.72; that in consummating the organization of said corporation, the equity of Applegate in his own company's assets, disclosed by his representations of the amount and value thereof, was appraised at $4,000, for which amount he was to and did receive stock in the new company; and that Phillips and Lumpkin were to advance a like amount in cash for which they would be given stock in the corporation. On this basis the new company began business.

*Rehearing denied December 1, 1933.

It is further alleged that Applegate controlled the affairs of the new company until March 25, 1932, when Phillips was elected president thereof; that Phillips then began to check up on the old company's affairs and condition as of October 9, 1931, at which time the charter was signed, and from such investigation he ascertained that the assets of Applegate's company amounted to only $7,589.92, and its liabilities aggregated $4,875.70, thereby disclosing a net worth or value of only $2,714.22, and, therefore, he is due the corporation, on account of the stock subscribed for and issued to him, the sum of $1,268.50, representing the difference between the supposed net value of his company's assets as of October 9, 1931, and the actual net value thereof on said date as ascertained from and by the examination and check up of Phillips after becoming president of the new company; that said amount ($1,268.50 with 5 per cent. interest from October 10, 1931) is due the company for the stock that was issued to him "by mistake and in error, based on an incorrect and untrue statement" of his company's condition, which was accepted by plaintiff, Phillips, and Lumpkin, in error, because of the misrepresentations then made by defendant. It is also alleged that defendant, while managing the new company, overdrew his personal account $227.75, which is also sued for.

Amicable demand on defendant for settlement of the accounts and for readjustment of the stock issued to him is averred.

Plaintiff further alleges:

"That your petitioner fears and believes, therefore alleges that the said H. C. Applegate will pledge or dispose of the shares of stock that he has in the Minden Syrup Company, Inc., and cause your petitioner an irreparable injury and it is necessary to enjoin him from making any pledge or assignment of said shares of stock and therefore prays that rule nisi to be granted and pending same that preliminary writ of injunction be issued restraining the said defendant from making any pledge or disposition of the shares of stock alleged or any part thereof."

A temporary restraining order, and a rule to show cause why a preliminary injunction should not be granted, were issued. Judgment for $1,268.50, "balance due on subscription of stock that was issued in error and by mistake," is prayed for, and in the alternative for the entire issue of stock to defendant to be cancelled.

Judgment for the amount of overdrawn salary account is also prayed for. Several exceptions and pleas were filed by defendant and overruled by the lower court, or referred to the merits of the case. These are not before us at this time. A motion to dissolve the temporary restraining order was filed, tried, and sustained; but the demand for judgment for attorney's fees for its dissolution, as an element of damages, was referred to the merits. A trial of the rule resulted in the granting of a preliminary injunction as prayed for by plaintiff, enjoining and prohibiting defendant from pledging or otherwise disposing of the 40 shares of the capital stock of plaintiff company, issued to him. No appeal was taken from this order.

Defendant, reserving his rights under exceptions and pleas formerly filed and overruled, moved to dissolve the preliminary injunction issued by the court, and assigns a multitude of grounds and reasons in support of his motion. We shall only consider those grounds which we deem unquestionably good and which are not necessarily tied in with matters of defense to the merits of the case.

1. The motion alleges that the petition does not disclose a valid cause or right of action for a temporary (preliminary) writ of injunction.

2. That the plaintiff has a remedy at law, and that his principal demand is for a money judgment which cannot form the basis for the issuance of a temporary injunction, which remedy is equitable in its nature and can only be used and resorted to in cases where there is not a legal remedy.

Attorney's fees of $250 and other damages are prayed for. On motion of plaintiff all items of damages sued for in the motion to dissolve, except that for attorney's fees, were stricken out. The motion to dissolve the preliminary injunction was overruled, the judge of the lower court giving written reasons therefor. Appeals, devolutive and suspensive, from this judgment were granted and perfected. This branch of the case only is now before us.

Plaintiff filed a motion to dismiss the appeal, because, as alleged by it, no notice of the intention to apply for same was given it or its counsel as required by law; and in brief cites us to section 5 of Act No. 29 of 1924. This section of the Injunction Act provides:

"No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order, but where upon a hearing, a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree; provided, however, that after reasonable notice given to plaintiff's attorney of record of the time and place at which, and the court to which application will be made, the court may, in its discretion, allow to any party enjoined a suspensive appeal from any order granting a preliminary injunction, and may, in its discretion, also stay further proceedings in the

cause until the appeal has been decided.
\* \* \*"

It will be noted from the language of this act that no appeal lies from an order of court granting, continuing, refusing, or dissolving a restraining order; and that a devolutive appeal only may be granted as a matter of right from an order granting, continuing, refusing, or dissolving, or refusing to dissolve, a preliminary writ of injunction. It is only where a preliminary injunction has issued that the act authorizes the court, in its discretion, after notice to the plaintiff's attorney of record, to allow a suspensive appeal from the order granting such injunction. Defendant (appellant) was not entitled to the suspensive appeal granted him herein under the plain provisions of said act, quoted above, but as he was entitled to, obtained, and perfected a devolutive appeal, which he is now prosecuting, the appeal will not be dismissed. The motion to dismiss appeal is overruled.

The appeals taken in this case did not in the least affect the operation of the preliminary writ of injunction which had already issued and which was sought to be dissolved.

The question for decision is whether plaintiff, a corporation, is entitled to have defendant, one of its stockholders, enjoined from pledging or disposing of the stock owned and held by him in the company, until it has secured judgment against him for alleged balance due on the stock which may then be executed by seizure of the stock. Whether defendant owes any balance on the stock is a controversial question of fact.

▌ The right to resort to the judicial mandate of injunction is not an absolute one. It is an equitable writ and should issue only in those cases specifically pointed out by law, or where irreparable injury to the personal or property rights of the individual will result unless protected by its restraining effect.

The Code of Practice, art. 296, defines "injunction" to be " \* \* \* a mandate obtained from a court, by a plaintiff, prohibiting one from doing an act which he contends may be injurious to him or impair a right which he claims."

▌ As a rule, a plaintiff has not the right, contemporaneously with the filing of a suit seeking a money judgment, to enjoin his debtor from disposing of his property during the pendency of the suit. If this were not true, this "strong arm of equity" would be habitually invoked as a means to protect ofttimes doubtful rights, resulting in the paralysis of defendant's legitimate business.

▌ In the instant case, plaintiff only alleges that it "fears and believes" that defendant will pledge or dispose of the stock on the price of which it is asserted he owes a balance, and that if he does so plaintiff will suffer irreparable injury. It is not alleged that defendant has no other property subject to execution, nor is it alleged or intimated that he is insolvent. So far as this record discloses, he may have an abundance of property available to his creditors. The allegation that irreparable injury will be caused plaintiff if defendant does pledge or dispose of the stock before judgment is secured against him, without alleging facts supporting same, is merely a conclusion of the pleader. On this point Corpus Juris, 32, p. 51, par. 30, verbo "Injunctions," has this to say, viz.:

"To warrant the allowance of a writ of injunction it must clearly appear that some act has been done, or is threatened, which will produce irreparable injury to the party asking an injunction. Unless this is made to appear, an injunction should be denied, in the absence of a statute providing otherwise. A temporary restraining order, or a preliminary injunction will not as a general rule be granted in a case where it is not shown that an irreparable injury is immediately impending and will be visited upon complainant before the case can be brought to a final hearing; \* \* \*"

On the same subject, Ruling Case Law, 14, p. 332, par. 33, makes this general comment:

"The general rule of equity pleading that a statement of mere conclusions or opinions of the pleader is not sufficient to authorize equitable interposition, applies in the case of a bill for an injunction. The rule that the facts must be alleged is frequently called into action in those cases where an injunction is sought on the ground of irreparable injury to the complainant. In these cases the bill of complaint should allege facts to enable the court to determine whether the injury will be irreparable. A mere general allegation that it will be of such a character is not sufficient."

▌ Every injury that flows from an unlawful act, or which follows a passive breach of duty or disregard of obligation, is not irreparable. If the supposed or threatened injury is compensable in money, generally speaking, it is not irreparable. In City of Lake Charles v. Lake Charles Ry., Light & Waterworks Co., 144 La. 221, 80 So. 260, 261, the court adopted a definition of irreparable injury, viz.:

"An irreparable injury is one for which the party injured cannot be compensated adequately in damages, or for which the damages cannot be measured by a pecuniary standard."

See, also, State v. Brunot, 112 La. 425, 36 So. 481; Adams v. Ruston, 3 La. App. 188.

▌ One should not be restrained from the performance of an act he has the legal right to perform. If he has not the right to perform the act complained of, or which if performed will work injury and damages to complainant, the petition should unequivocally disclose the facts and circumstances supporting the complaint.

424

So far as we are able to appreciate the situation as revealed by the pleadings in the case, plaintiff has no greater right to invoke the equitable process of injunction than would a plaintiff suing on a promissory note or open account, if he believed his debtor would dispose of all or a part of his property, without intent to defraud, but in due course of his business.

Where there is an adequate remedy at law, resort to injunction should not be upheld.

"The jurisdiction of equity to protect by injunction legal rights and interests in property is based on the inadequacy of the remedy at law and the jurisdiction is never exercised where the remedy at law is ample and complete." C. J. 32, p. 119, par. 142.

Defendant contends that plaintiff erred in selecting its remedy, and cites section 22 of the Corporation Act (No. 250 of 1928), which provides:

"If a shareholder be indebted to the corporation on account of unpaid subscriptions for shares, the corporation shall have a vendor's lien and privilege upon such shares for such indebtedness."

Unquestionably sequestration could have been invoked as an accessory to plaintiff's main demand. In such a case a writ of sequestration will issue for the asking. Act No. 190 of 1912.

We think the preliminary injunction improperly issued. Defendant is entitled to recover a reasonable attorney's fee for services rendered to have the injunction dissolved. He asks for $250. The proof is not conclusive that this amount is reasonable in such a case. We think $100 fair.

For the reasons herein assigned, the judgment of the lower court refusing to dissolve the writ of preliminary injunction issued herein is annulled and set aside, and there is now judgment sustaining said motion and dissolving and setting aside said injunction, and dismissing plaintiff's demand therefor at its cost; and for the reasons herein assigned there is judgment in favor of defendant and against plaintiff for $100 as attorney's fee for dissolving said injunction.

DREW, J., recused.