200 So.2d 681 (1967)
BENEFICIAL FINANCE CO. OF MONROE, Plaintiff-Appellant,
v.
D. L. ALDRIDGE, Defendant-Appellee.
No. 10803.
Court of Appeal of Louisiana, Second Circuit.
May 29, 1967.
Rehearing Denied July 27, 1967.
Hayes, Harkey & Smith, Monroe, for appellant.
McHenry, Snellings, Breard, Sartor & Shafto, George Fink, Monroe, for appellee.
Before HARDY, GLADNEY, and AYRES, JJ.
AYRES, Judge.
This is an action upon an employment contract wherein plaintiff sought not only *682 injunctive relief to prevent the contract's violation but damages for its breach. An exception of no cause of action was sustained as to the first of these demands. Accordingly, plaintiff's demands for injunctive relief were rejected. The demands for damages, however, were reserved. From the judgment thus rendered and signed, plaintiff prosecutes this appeal.
Plaintiff, Beneficial Finance Co. of Monroe, is engaged in operating a finance company in that city. Plaintiff is affiliated not only with other such corporations throughout the United States but with Beneficial Management Corporation which furnishes services as well as supervision for the operation of those corporations. Original contracts of employment of personnel are executed between the employees and the Beneficial Management Corporation which provide that the corporation may designate any agency affiliated with it as the employer of the employees. Provisions of the contracts are stipulated as entered into for the joint and several benefits of the Beneficial Management Corporation and its affiliated agencies. By a supplemental agreement one of the affiliated corporations is designated as the employer of the employee.
Defendant and the Beneficial Management Corporation entered into such an agreement July 12, 1955. It was recognized therein that the employee would require special training, skill, and experience, and, in accordance with the terms thereof, defendant bound himself, for a period of one year from the termination of his employment, not to engage, either directly or indirectly, in any competitive business, nor to solicit, work for or assist in any competitive business in the trade territory where he was formerly employed, and, for a period of three years from the termination of his employment, to keep secret the names of his employer's customers, as well as all knowledge of his employer's business which might have been acquired during his employment. He likewise bound himself not to engage or participate in any act or effort to induce any of his employer's customers to pursue any course to the disadvantage of his employer. The contract recited that if the employee violated any of its terms the injuries resulting therefrom would be deemed substantial and difficult of ascertainment, and stipulated that $2,000 would thereupon be due the employer from the employee as liquidated damages and not as a penalty.
Defendant continued in his employment with plaintiff until April 30, 1966, after tendering his resignation 10 days prior thereto. Immediately thereafter, defendant promoted the Twin City Finance Co., Inc., in which he became a stockholder and manager. This corporation conducts a competitive business with that of plaintiff in the City of Monroe, and, indeed, does so from the same building in which plaintiff's business is based.
The basis for defendant's exception is that there is no cause of action, as a matter of law, for injunctive relief since the contract provides liquidated damages for its breach.
It may be appropriate to first observe that plaintiff's action for injunctive relief, so far as it relates to defendant's engaging in a competitive business, is now moot inasmuch as a year has elapsed since defendant's employment with plaintiff terminated, defendant being obligated by the terms of the contract not to engage in a competitive business for a period of one year only. Nevertheless, the issue remains because of the activities in which defendant contracted not to engage in for a period of three years.
The exception is predicated upon the proposition that plaintiff is not entitled to the cumulative remedies of specific performance of the contract through injunctive process and of the recovery of liquidated damages.
*683 With respect to obligations to do or not to do, LSA-C.C. Art. 1926, upon which plaintiff primarily relies, provides:
"On the breach of any obligation to do, or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the following section."
However, one of these rules, contained in LSA-C.C. Art. 1927, is that:
"In ordinary cases, the breach of such a contract entitles the party aggrieved only to damages, but where this would be an inadequate compensation, and the party has the power of performing the contract, he may be constrained to a specific performance by means prescribed in the laws which regulate the practice of the courts."
As was stated in Pennington v. Drews, 209 La. 1, 24 So.2d 156, 163 (1945):
"Irreparable injury justifying an injunction is that which can not be adequately compensated in damages, or for which damages can not be compensable in money."
There it was pointed out that, if the penalty stipulated in the contract therein involved represented damages which might be sustained by plaintiff on the breach of defendant's principal obligation, clearly irreparable injury would not result and consequently an injunction would not lie.
It was likewise pointed out in Minden Syrup Co. v. Applegate (La.App.) 150 So. 421, 423 (2d Cir. 1933):
"Every injury that flows from an unlawful act, or which follows a passive breach of duty or disregard of obligation, is not irreparable. If the supposed or threatened injury is compensable in money, generally speaking, it is not irreparable."
See, also: City of Lake Charles v. Lake Charles Ry., Light & Waterworks Co., 144 La. 217, 80 So. 260, 261 (1918); State ex rel. Bayou Sara Lumber Co. v. Brunot, 112 La. 425, 36 So. 481 (1904); G. Adrian Adams v. Town of Ruston, 3 La.App. 188 (1925); Rapides Dairy Dealers' Co-op. Ass'n v. Mathews (La.App.) 158 So. 247 (2d Cir. 1935).
In the first of these it was tersely stated that:
"* * * An irreparable injury is one for which the party injured cannot be compensated adequately in damages, or for which the damages cannot be measured by a pecuniary standard."
Moreover, it is provided in LSA-C.C.P. Art. 3601 that:
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law."
In a comment it is noted that the jurisprudential rules governing the circumstances under which an injunction may issue are not changed.
In Solomon v. Diefenthal, 46 La.Ann. 897, 15 So. 183 (1894), it was held that where a party who sells his business and the good will thereof contracts that he will not engage in the same business in the same place for five years, and stipulates that in the event of the violation of his engagement, in whole or in part, the damages inflicted upon the purchaser in consequence thereof are liquidated and fixed at five thousand dollars, which he agrees to pay as a penalty for such violation, and consents that the purchaser may restrain him by injunction, if necessary, from any attempt to violate said engagement, and authorizes any court of competent jurisdiction to do so on proper application, his subsequent violation of the agreement will not entitle the other party to demand and obtain, *684 at one and the same time, a judgment for $5,000 and an injunction.
It was further observed in the Solomon case that, where a party sues for personal judgment for $5,000, as a penalty or as liquidated damages for a violation, in whole or in part, of a contract not to engage in a designated business for a specified period of time, and seeks an injunction restraining the other party to the contract from pursuing such business, the injunction should not be granted.
Thus, as was concluded by the trial court in the instant case, by contracting that a violation of any of the terms of the agreement would cause injury which would be substantial but difficult of ascertainment, and agreeing upon the sum of $2,000 as liquidated damages therefor, the plaintiff, in effect, admitted and agreed that no irreparable injury would result and that that sum would be sufficient to compensate it for a violation during the whole term of the contract.
For the reasons assigned, it appears the judgment appealed is eminently correct and it is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.