299 So.2d 831 (1974)
TERMPLAN ARABI, INC.
v.
Frank M. CAROLLO.
No. 6391.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1974.
Rehearing Denied September 10, 1974.
Writ Refused October 24, 1974.
Deutsch, Kerrigan & Stiles, Charles K. Reasonover, New Orleans, for plaintiff-appellant.
*832 George N. Bischof, Jr., New Orleans, and Sidney D. Torres, III, Chalmette, for defendant-appellee.
Before GULOTTA, BOUTALL and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff appeals from a judgment maintaining defendant's exception of no cause of action and dismissing its suit for an injunction.
The petition alleges that defendant was employed as manager of its office at 7620 West Judge Perez Drive in St. Bernard Parish, on March 10, 1966, and in connection therewith entered into a written contract which provided that in the event of termination of his employment he would not retain or use information concerning accounts of plaintiff or its procedures; he would not disclose such information to competitors of plaintiff; he would not solicit customers of plaintiff; he would not engage in loan transactions with customers of the plaintiff; he would not use his photograph in the promotion of his new employment in such a way as would make reference to his former employment or his having done business with present or former customers of plaintiff; and he would not influence any employee of plaintiff to go to work for a competitor. The agreement then provided:
"The parties specially agree that the employee's knowledge of the company's employees' capabilities, methods of operations, dealers, and customers gained in his employment by the company is unique and valuable, and that any breach of this contract by the employee in regard thereto will be difficult to compensate in damages, and it is agreed that in the event of the employee's breach of any part of this agreement the company shall be entitled to seek and obtain injunctive or any other relief available to it in a court having appropriate jurisdiction and shall also be entitled to damages in the sum of two thousand dollars ($2,000.00), which shall be liquidated damages and not a penalty. The company may elect any or all remedies available hereunder, at law or in equity."
The petition as amended alleges that defendant on March 31, 1974, terminated his employment by plaintiff and commenced employment as a manager of a competitive company in the same block as the location of plaintiff's office; he has violated the agreement by soliciting plaintiff's customers with solicitation letters copies of which are attached to plaintiff's supplemental and amended petition; by attempting to make, and in fact making, loans to active customers of plaintiff; by publishing his name and photograph in a manner which violates the terms of the agreement; and by employing a former employee of plaintiff. In the original petition plaintiff prayed for an injunction against the defendant from engaging in activities prohibited by the contract and for a monetary judgment in the amount of $2,000, but it deleted this latter claim in its supplemental petition.
Defendant's exception is based on the proposition that there is no cause of action for injunctive relief when a contract provides for liquidated damages for its alleged breach. The trial judge in maintaining the exception found that Beneficial Finance Co. of Monroe v. Aldridge, 200 So.2d 681 (La. App. 2d Cir. 1967) was controlling.
In this Court plaintiff relies primarily on National School Studios, Inc. v. Barrios, 236 So.2d 309 (La.App. 4th Cir. 1970).
In the first cited case the Court refused to afford injunctive relief to a plaintiff for the enforcement of a contract similar to the one before us in the instant case. While the terms of the contract are not reported verbatim according to the opinion the contract provided that if the employee violated any of its terms, resulting injuries would be deemed substantial and difficult of ascertainment, and $2,000 was stipulated to be due the employer as liquidated damages and not as a penalty.
*833 In analyzing the jurisprudence and applicable statutes, the Court found that injunctive relief is only available where the party injured cannot be compensated adequately in damages and that such a party will suffer irreparable injury unless afforded the injunctive relief. LSA-C.C. Arts. 1926 and 1927, LSA-C.C.P. Art. 3601; Pennington v. Drews, 209 La. 1, 24 So.2d 156; Minden Syrup Co. v. Applegate, 150 So. 421 (La.App. 2d Cir. 1933).
The Court relied primarily on Solomon v. Diefenthal, 46 La.Ann. 897, 15 So. 183, in which the Supreme Court declined to afford injunctive relief to a plaintiff seeking to restrain the vendor of a business from competing with plaintiff in violation of the terms of the sale agreement between the parties. The defendant had bound himself not to compete for five years and to pay damages to plaintiff in the sum of $5,000 as a penalty for any violation "and that plaintiff should restrain him by injunction in any attempt to violate said agreement." The Court noted that under the terms of the contract, whether the breach covered an hour, a day or the whole five years, the defendant still owed the plaintiff $5,000. Referring to LSA-C. C. Art. 1927, which provides that specific performance is available to a plaintiff only where damages "would be an inadequate compensation," the Court held that since the parties fixed by contract the sum of $5,000 as compensation to plaintiff for a violation during the five year period, plaintiff was not entitled to injunctive relief.
The Court in National School Studios, Inc. v. Barrios, supra, reached a different result and afforded plaintiff injunctive relief against a former employee pursuant to a similar employment contract, but distinguished the facts of the case from Beneficial Finance Co. of Monroe v. Aldridge and other cases on the basis of dicta found in the Solomon v. Diefenthal case as follows:
". . . If damages had been liquidated in the contract at so much per day or per month, and plaintiff, at the end of two or three months, had sued defendant for the amount of the past-due and accrued and exigible damages, coupled with an injunction against further continued violation of his obligations, a very different case would have been presented to us than that which is actually before us. . . ." (Emphasis supplied)
This Court then held that National School Studios, Inc. v. Barrios was the "very different case" which the Supreme Court must have had in mind because there was a provision in the contract for total compensation to the plaintiffs on the basis of so much per photograph taken by defendant in violation of the agreement rather than a lump sum for liquidated damages. Noting that implementation of the formula to arrive at the amount of damages depended upon the defendant reporting to plaintiffs the number of photographs taken by him, the Court found that it would be difficult, if not impossible, for plaintiffs to prove their damages and held that plaintiffs did not have an adequate remedy at law for damages, that defendant's acts would result in irreparable injury and that plaintiff was therefore entitled to injunctive relief.
The distinction between the National School Studios, Inc. case and the instant case is that the language of the contract in the cited case, instead of providing for liquidated damages, prescribed damages to be determined by a formula which was held to be unworkable, so that plaintiff had a right to injunctive relief, whereas in the instant case the parties recognized that the amount of damages was difficult to ascertain and agreed to a figure at which the damages were set for any violation of the agreement. In this respect, the instant case is identical to Beneficial Finance Co. of Monroe and Solomon v. Diefenthal, in which it was held that injunctive relief was not available since the plaintiff had an adequate remedy at law for damages.
Plaintiff contends that under National School Studios, Inc. v. Barrios it is *834 entitled to show that the $2,000 is not adequate to compensate it for its loss with the result that it would be entitled to injunctive relief. But the effect of plaintiff's agreement fixing liquidated damages at $2,000 precludes a trial to determine adequacy of the amount. The nature of liquidated damages is such that it is an agreed amount for damages which would otherwise be difficult or impossible to ascertain.
Plaintiff contends that of major importance is the fact that the contract in the instant case specifically provided that the plaintiff could elect any and all remedies available under the contract, whether at law or in equity, whereas in the Beneficial Finance Co. of Monroe v. Aldridge case it does not appear that the contract contained such an agreement. But in Solomon v. Diefenthal there was apparently the agreement that plaintiff could exercise both remedies and the Court said the following:
"The agreement of the parties in this matter is of no importance. Parties are much more free to make contracts than they are to regulate and stipulate as to legal remedies. Levicks v. Walker, 15 La.Ann. 246. . . ."
LSA-C.C.P. Art. 3601 provides:
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law." Clearly irreparable injury is the sine qua non for an applicant to obtain injunctive relief absent some specific statute. Parties cannot by contract bestow upon each other the right to injunctive relief where the essential conditions established by law do not exist.
Finally, plaintiff points to the fact that it withdrew its claim for damages and has limited its claim to one seeking injunctive relief, but based upon the following from Solomon v. Diefenthal this factor is of no importance:
"The demand, as presented and filed, with the two remedies coupled, was an inequitable one, and an entirety, and the injunction should not have been allowed. It could not now be given life to, and legalized ab initio, by an offer to discontinue a part of the demand, even had such an offer been made, which it was not." (Emphasis supplied)
The parties are bound by their agreement fixing liquidated damages at $2,000. As a consequence plaintiff may not now claim irreparable injury from defendant's violation of the agreement, and has thereby precluded itself from now seeking injunctive relief.
Accordingly, the judgment is affirmed at the cost of the plaintiff.
Affirmed.
GULOTTA, J., dissents.
GULOTTA, Judge (dissenting).
I respectfully dissent.
The majority relies on Beneficial Finance Co. of Monroe v. Aldridge, 200 So.2d 681 (La.App.2nd Cir. 1967) and Solomon v. Diefenthal, 46 La.Ann. 897, 15 So. 183 (1894) which it finds are similar to the instant case. I disagree.
The contract in Solomon v. Diefenthal provided for two remedies should the employee violate the terms of the agreement between himself and the employer: $5,000 as a penalty and the right to seek injunctive relief. As pointed out hereinafter, both remedies were sought.
In Beneficial Finance Co. of Monroe v. Aldridge there appears to have been no stipulation in the agreement allowing the employer injunctive relief. The agreement provided solely that should the employee violate the terms of the agreement the sum of $2,000 would be due as liquidated damages. *835 When the agreement was violated, the employer sued for damages as well as injunctive relief, which was denied.
In the instant case, the contract provided that should the defendant violate the terms of the agreement:
"The company shall be entitled to seek and obtain injunctive or any other relief available to it in a court having appropriate jurisdiction and shall also be entitled to damages in the sum of two thousand dollars ($2,000.00) which shall be liquidated damages and not a penalty. The company may elect any or all remedies available hereunder at law or in equity."
In its initial petition, plaintiff sought both injunctive relief and the $2,000 liquidated damages. In its amended petition, the claim for liquidated damages was abandoned, the plaintiff seeking only injunctive relief.
The instant case is different from Solomon v. Diefenthal, supra, and Beneficial Finance Co. of Monroe v. Aldridge, supra.
In Solomon, both remedies were provided for in the contract and sought by petition.
In Beneficial Finance Co. of Monroe, apparently only one remedy was provided for in the contract, while both remedies, i. e., damages and injunctive relief, were sought.
It is clear from the contract here that the plaintiff could seek whichever relief it chose: the $2,000 as liquidated damages or injunctive relief in instances where irreparable injury would result from defendant's action. Either remedy is available to the plaintiff. It chose injunctive relief. I fail to find that a contract, as in the instant case, which provides for alternative remedies to be contra bono mores. LSA-C.C. art. 1764.
Plaintiff, by the terms of the contract, is entitled to seek injunctive relief. Accordingly, I dissent.