No. 12,422.

STATE OF LOUISIANA EX REL. W. MORGAN GURLEY, SYNDIC, VS. HON. FRED. D. KING, JUDGE OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

It is alleged that the law, which is the foundation of the proceedings complained of, is unconstitutional on the ground that it was not read in full in the Senate; and this ground is stated for preliminary writ of *mandamus;* but the original enrolled bill showing a contrary state of facts will not be made peremptory.

ON Application for Writs of *Mandamus* and Prohibition.

56

*Ambrose Smith* and *John T. Whitaker* for Relator.

*Dinkelspiel & Hart* for Respondents.

Submitted on briefs February 15, 1897.
Opinion handed down February 19, 1897.

The opinion of the court was delivered by

WATKINS, J.    The relator's claim is, that he presented to the respondent a petition praying for the issuance of a writ of injunction in order to restrain a sale of certain mortgaged property under executory proceedings, for the reason, amongst others stated therein, that it was his " clear, ministerial and mandatory duty " to grant said writ and stay further sale proceedings; but that he refused to do so, and his refusal was a denial of justice and a deprivation of the relator's only adequate and effective remedy.

The judge returns that in the matter of J. N. Augustin vs. Ernest V. Reiss, No. 51,690 on the docket of his court—it being an executory proceeding in the foreclosure of a special mortgage—the relator was made a party defendant, under and in conformity with the provisions of Act No. 15 of 1894, and with whom the said proceedings were, thereafter, carried on contradictorily.

That during the pendency of these proceedings, there was presented by the relator a petition praying for an injunction to restrain the further execution of the order of seizure and sale, on the ground that said Act No. 15 of 1894 was not a valid law, but, on the contrary, an unconstitutional statute, and therefore null and void, because some of the formalities prescribed by the Constitution in its enactment had not been observed by the General Assembly; that is to say, that the bill, while it was a measure pending in the General Assembly, *was not read once in full in the Senate*.

The respondent further avers, that after a careful examination of the original bill which subsequently became Act No. 15 of 1894, as well as the original minute books of the House of Representatives and of the Senate—which were produced in the respondent's court, and are annexed to the record before us—he found the relator's complaint unfounded, as the bill appeared to have been regularly

passed through "all the modes and tenses," required by the Con-
stitution, and refused the injunction.

The respondent has annexed the petition of the relator for injunc-
tion and made same a part of his return.

The application of relator for relief by *mandamus* and prohibition
is grounded upon the alleged unconstitutionality of the aforesaid
law, and his contention is that the conclusion of the respondent was
erroneous.

We are inclined to think that the relator has presented a proper
case for the allowance of the preliminary writs and the restraining
order, notwithstanding the ground assigned for relief by injunction
is not exactly covered by the provisions of C. P. 739, nor of those
of 298.

For if indeed there is no constitutional and valid law sanctioning
executory proceedings against the syndic of an insolvent most
serious consequences might result if they could not be arrested by
injunction, as a third opposition without a writ of injunction might
not prove an adequate and efficacious remedy for the creditors. A
somewhat different case is here exhibited than that of an individual
seeking relief from his own contractual liability.

But it does not appear from the respondent's return that the
relator demanded a writ of injunction without bond under C. P. 735
and 740, and the relator's petition for injunction accompanying the
return of the respondent's petition conditions his right to an injunc-
tion upon his giving bond.

In State *ex rel.* Gaynor vs. Judge, 38 An. 923, this court made a
*mandamus* peremptory, compelling a District Judge to grant an
injunction restraining a tax collector from collecting a tax under a
law which was alleged to be unconstitutional and void.

Consequently we think *mandamus* a proper remedy under the cir-
cumstances.

But as all the *facts* are in the record and before us, so that the
alleged unconstitutionality *vel non* of the law which is drawn in
question here and which were before the respondent when he
refused the injunction, we think it our duty to consider them in con-
nection with the pleadings as a part of relator's case and decide that
question in determining his right to relief.

Ordinarily, when the question of the constitutionality of the par-
ticular statute is determinable as a factor in the matter in litigation,

State ex rel. Syndic vs. Judge.

such as the want of power in the General Assembly to pass the law, its determination would be, of necessity, relegated to a trial of the case on its merits, but the sole question in this case being that the bill was not read once in full in the Senate, a mere reference to the *enrolled bill* must settle the dispute.

The original enrolled bill discloses that it was introduced in the House of Representatives by Mr. Wynne Rogers, and filed on the 23d of May, 1894, bearing the number 148.

That on the day of its filing it was read by title. That it was read by title and referred to committee on judiciary on May 23, 1894. That it was reported with amendments on May 29, 1894.

That it was read a second time by title, amended and ordered engrossed and passed to third reading on June 1, 1894. That it was read a third time in full and roll called on final passage, and there being yeas 69 and nays 0, it was finally adopted and sent to the Senate on June 6, 1894. That it was received in the Senate on June 7, 1894. That it was read by title on June 8, 1894. That it was again read by title and referred to the judiciary committee on June 8, 1894. That it was reported favorably on June 12, 1894. That it was read by title and passed its third reading on June 13, 1894. That it was *read in full* and finally passed, yeas 28, nays 0, and title adopted and returned to the House on June 14, 1894.

The endorsements of the entries on the bill showing the proceedings in the House of Representatives are certified to by Peter J. Trezevant, clerk, and those in the Senate were signed by W. H. McClendon, secretary of the Senate.

The further endorsement on the bill shows that it was returned to the House of Representatives as having been concurred in by the Senate on June 15, 1894.

On this showing the charge of unconstitutionality of the law is not well grounded, and the refusal of the respondent to grant the relator's injunction was right and proper.

It is therefore ordered and decreed that the relief prayed for by the relator be denied, at his cost, and that our preliminary writ be set aside.