## RAPIDES DAIRY DEALERS' CO-OP. ASS'N v. MATHEWS.

### No. 4924.

Court of Appeal of Louisiana. Second Circuit.

Jan. 9, 1935.

Hawthorn, Stafford & Pitts, of Alexandria, for appellant.

John R. Hunter and Gus A. Voltz, both of Alexandria, for appellee.

MILLS, Judge.

On April 3, 1933, Leonard Mathews entered into a written producer's marketing agreement with the Rapides Dairy Dealers' Cooperative Association and received from it an agency sale permit.

The agreement provides that Mathews shall deliver to the association all of the products of his dairy; the association to control the marketing and fix the prices thereof. Should the producer fail to so deliver his products, liquidated damages are fixed at 5 cents per gallon of milk and 20 per cent. of the price of cream, withheld by him.

Article 10 provides: "After this contract has been in full force and effect for fourteen months either party hereto may cancel the same on March 1st of any year thereafter by notifying the other party in writing of his or its intention, such notice to be given during the month of December, immediately prior to the effective date of cancellation. If neither of the parties cancel this agreement on March 1st of any year, as aforesaid, it is hereby mutually agreed that that fact shall constitute conclusive evidence that the parties hereto have renewed the contract for another year."

Article 14 provides: "The producer agrees that in the event he shall during the life of this contract desire to retire from the dairy business and dispose of his herd he shall require his successor to comply with and fulfill all of the obligations herein imposed upon the producer."

In December, 1933, before the expiration of the fourteen months required in the contract, Mathews mailed to the field secretary notice of his withdrawal from the association after the expiration of a year's membership. The official testifies that the unregistered letter was never received by him.

On the following April 10th, the dairy business of Mathews was incorporated, he holding 98 shares of stock, his wife and daughter 1 each. On the same day he conveyed his land, live stock, and implements to the corporation named Mathews Company, Incorporated, in payment of his stock. Thereafter the dairy business was conducted in complete independence of the agreement between Mathews and the association. Mathews admits that in the act of sale he did not require the corporation to comply with the terms of the marketing agreement because it was executed after March, 1934, and after he had mailed notice of his withdrawal.

On May 2, 1934, the association brought suit against Mathews, alleging that he is violating the agreement by selling his dairy products below the prices fixed by it; that for this reason it revoked the agency sales permit and demanded the delivery of all said products to it as provided for in the agreement; that Mathews has refused to comply with this demand and in violation of his agreement has sold and will continue to sell his products. It prays for a writ of injunction enjoining defendant " * * * from selling and disposing of his products under the agency heretofore revoked; prohibiting, restraining and enjoining the said defendant from further acting as agent of your petitioner in selling and disposing of his said products; prohibiting said defendant from further breaching his said agreement, and compelling the said defendant to deliver his milk and other dairy products produced by him to your petitioner in accordance with the terms and conditions of said contract, and compelling a specific performance of said agreement."

It alleges that it is entitled to this injunction under the provisions of section 17 of Act No. 57 of 1922, and prays for damages, costs, and attorney's fees.

The writ, couched in the following terms, issued without a hearing: "You are hereby enjoined, restrained and prohibited, in the name of the State of Louisiana and of the Ninth Judicial District Court in and for the Parish of Rapides, from the breach of contract, or the further breach thereof, and from disposing of milk, cream and other dairy products, to any one except petitioner herein, all as is shown more fully in detail by petition

and order of the court, a certified copy of which accompanies this writ."

Whereupon defendant moved to dissolve the injunction on the grounds that he had ceased to be a member of plaintiff association since March 1, 1934, as per notice given; that he has not been engaged in the dairy business since April 12, 1934. He asks $250 as attorney's fees for the dissolution.

After due hearing had, there was judgment below dissolving the writ and allowing $150 as attorney's fees. Plaintiff has devolutively appealed from this judgment.

Section 17 (b) of Act No. 57 of 1922, known as the Co-operative Marketing Act, provides in part: "In the event of any breach or threatened breach of such marketing contract by a member or other person, the association shall be entitled to an injunction to prevent the breach or further breach of the contract, and to a decree of specific performance thereof."

At the time the present controversy arose and suit was filed, the Legislature had enacted the General Injunction Act, No. 29 of 1924, which provides in section 1 that "hereafter no writ of injunction shall be issued without notice, given as hereinafter provided, to the opposite party or parties to be affected thereby, and without opportunity given for hearing of the opposite party."

The act then goes on to specify the intervening steps which must be taken before a final injunction may issue. In the present case the 1924 act was ignored, the intervening steps omitted, and a final injunction issued instanter, without notice and without hearing.

█ It is well settled that the act of 1924 governs all injunctions issuing under prior special or general acts. American National Bank v. Bauman, 173 La. 336, 137 So. 54.

In United Gas Public Service Co. v. Arkansas-Louisiana Pipe Line Co., 176 La. 1024, 147 So. 66, it is held that, since the passage of Act No. 29 of 1924, the writ of injunction is no longer a writ of right, its issuance or denial being within the sound discretion of the court after hearing the parties, citing the Bauman Case, supra.

█ While the point was not raised in the motion to dissolve that the injunction issued in contravention of the act of 1924, and hence void, it was urged on argument and is pressed in defendant's brief. An injunction issued without notice was declared not merely irregular, but an absolute nullity, in Fussell v. Burris Bros., 12 La. App. 516, 126 So. 537. This holding is correct for two reasons: First, that the injunction was invalid because issued without the citation or notice required by law (subdivision 4 of article 606 of the Code of Practice); and, second, because it issued in violation of a prohibitive law enacted to protect the public from the abuse of the equitable injunctive remedy. American Nat. Bank v. Bauman, supra. Such a cause of nullity can be taken advantage of in this court. Article 608 of the Code of Practice provides: "The nullity of judgment may be demanded from the same court which has rendered the same, or from the court of appeal before which the appeal from such judgment was taken, pursuant to the provisions hereafter expressed."

Article 609 of the Code of Practice provides: "The nullity can be demanded on the appeal, only while the appeal is still pending, and when the nullity is apparent on the face of the records."

The present case meets these requirements.

█ The objection is fatal to the maintaining of plaintiff's injunction and sufficient ground for its dissolution. It is admitted that the attorney's fees allowed are reasonable.

██ The judgment is correct for the further reason that the legality of the act incorporating defendant's business is not attacked. No fraud is alleged and none shown beyond the preponderating ownership of stock in defendant. This is permitted by law and establishes no fraud. Nor is the legality of the conveyance to the corporation seriously questioned. A corporation is a separate entity from the stockholders composing it. This being true, at the time the injunction issued, directed to Mathews alone, and at the time of the trial of the motion, he had no dairy, was not producing any dairy products, and was not individually in the dairy business. There was then no threatened or impending breach of contract and no occasion to restrain defendant. The writ of injunction, being a harsh, drastic, and extraordinary remedy, should issue only where the party seeking same is threatened with irreparable loss or injury without adequate remedy at law. Such a situation is not presented under the facts of and between the parties to this suit.

As the case is before us only on the motion to dissolve, we are not at present concerned with the claim for damages.

For the reasons above assigned, the judgment appealed from is affirmed.