## HEARD v. MOTORS SECURITIES CO., Inc.

### No. 5470.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Olin D. Moore, of Many, for appellant.

J. Reuel Boone, of Many, for appellee.

DREW, Judge.

On February 16, 1936, Douglas Heard purchased from the Logan Motor Company a used Stevens trailer Chevrolet truck, motor No. T—3808352, for a total price of $313; $65 was paid in cash and the balance, represented by one note made payable in installments of $31 per month and due March 16, 1936, and on the 16th of each succeeding month up to and including October 16, 1936.

On or about March 20th of that year, the truck was damaged by fire and was placed in the Logan Motor Company's garage for repairs. The notes due on said truck had been transferred to the Motors Securities Company Incorporated, by the Logan Motor Company, and the said Securities Company was the possessor of a fire insurance policy covering the damage caused by the fire, amounting to $143.65, which amount was paid to the said Motors Securities Company by the insurer. By agreement all of the damage to the truck was not repaired. However, it was put in good running shape at a cost of $70, which amount was paid the Logan Motor Company by the Securities Company, and the balance credited on Heard's notes. During this time Heard had paid the further sums of $18 and $5, which were likewise credited on the notes.

After the truck had been repaired and returned to Heard, the Motors Securities Company on June 12, 1936, had issued executory process on the note and chattel mortgage it held against the said truck and for the purchase price of same. The truck was seized and advertised for sale. Prior to the sale date, Heard instituted the present suit praying for a temporary restraining order and for a rule nisi, after which a preliminary injunction was prayed for and, finally, for a perpetual injunction.

Plaintiff herein contends that, at the time the executory process was issued and his truck seized, he owed defendant nothing; that all payments which were due had been paid and the next payment due was on June 16, 1936, four days after executory process issued.

Defendant herein denies this contention made by plaintiff and contends that part of the March 16th payment and all the April 16th and May 16th payments were unpaid and, under the accelerating clause in said act of chattel mortgage and note, all payments called for by same became due and exigible. Defendant admits the payments of $18 and $5 on the installment due March 16th, leaving a balance of $8 due thereon. It also admits a credit of $73.65 derived from the insurer. It contends, and so alleged, that by express agreement with plaintiff $73.65 was to be applied and was applied to the last installments due; that is, those due October, September, and August. This is strenuously denied by plaintiff.

■ There is no dispute as to where the law would impute the payments without an express agreement to the contrary. The case therefore evolves itself into one question of fact alone, viz., Was there such an agreement as alleged by defendant? The lower court determined this question against defendant and awarded judgment for plaintiff in injunction perpetuating the injunction prayed for, and awarded him $50 as attorney's fees. The question of attorney's fees was neither argued nor briefed in this court. The opinion of the lower court on the merits is as follows:

"This matter came on to be heard on the 17th day of December, 1936, on the application of the plaintiff herein to perpetuate a preliminary writ of injunction issued herein on judgment dated the 31st day of July, 1936, enjoining the defendants from selling one used 1933 Stevens trailer Chevrolet truck, motor number T—3808352, of which the plaintiff claimed ownership; also praying that said truck be released from seizure and for damages as attorney's fees.

"The facts adduced on the trial of the case, we presume, were about the same as adduced on the trial for preliminary writ of injunction, as the facts are correctly set forth in the judgment granting the preliminary writ of injunction and we will not state them further here. The sale of the truck, its seizure and the payments made by defendant are all admitted, and the only dispute is to imputing the payments made by the defendant.

"On this question, the evidence is conflicting. The original conversation in which Mr. Logan, as agent of the defendant corporation, says that he derived his authority to impute the payments to the last installments due, instead of first of series of installments, was had in the presence of two witnesses who had no pecuniary interest in the matter. Mr. Logan testified to one state of facts and this was denied by plaintiff in injunction, and he was substantiated in his testimony by the two witnesses. Mr. O. W. J. Reynolds stated that when he called upon the plaintiff in injunction on or about May 12, 1936, and advised him that the defendant corporation had applied the payments to the last installments, the plaintiff in injunction tacitly agreed to that imputation of payments. This was denied.

"The evidence in this case fails to convince this court that the plaintiff in injunction ever agreed to imputing the payments he had made to the last installments. It is denied by him and, in the absence of proof to the contrary, the court must credit him with ordinary sound judgment, which would have precluded this imputation.

"The plaintiff had paid the sum of $65.00 in cash upon the purchase of the truck for the price of $268.50, plus service charge of $44.50, and he had further paid $23.00 in cash and $73.00 from insurance of the truck, which payments amounted to $161.00, or more than half the value of the truck, within four months after purchase. It is a well settled principle of law, as set forth in Revised Civil Code of Louisiana (article 2166) and decisions construing those provisions, that payments, in the absence of agreement, must be imputed to those items which the debtor has the most interest in discharging and which are the most burdensome, if all be due; and if all are not due, then to those which are due, even though they be less burdensome. Even in open accounts, unless there is a special agreement to the contrary, payments must be imputed to the price of things first sold. This principle is laid down in the case of Forrey v. Strange, 158 La. 941, 105 So 21. This principle of law is protective both to the creditor and debtor.

"After hearing the evidence in this case, the court is convinced that there was no agreement as to where the payments should be imputed, and in the absence of that, the court is bound by the law to hold that they should be imputed to the most

burdensome portion of the indebtedness, which were the first installments. It strikes the court as rather peculiar that at the time of filing suit for executory process, the defendant in injunction had not made any credit for the payment of $73.00, which had been paid several months prior to the institution of suit. Therefore, at the time of the issuance of executory process in suit No. 12,748 on the docket of this Court, there was no amount due plaintiff in executory process at that time, and the order for executory process should be recalled.

"This brings the court to consideration of the question of attorney's fees prayed for. In the case of Marine Bank & Trust Co. v. Shaffer, 166 La. 164, 116 So. 838, the Supreme Court held that the test as to the amount of fee to be allowed in such cases is the value of the property illegally seized, the damage or inconvenience that might be sustained, and the legal knowledge, skill and labor required to secure the debtor his rights. After taking all of these into consideration, the court is of the opinion that the sum of $50.00 would be sufficient in this case.

"For the reasons above set out and by reason of the law and the evidence being in favor thereof, it is therefore ordered, adjudged and decreed that there be judgment herein perpetuating the preliminary writ of injunction issued herein in accordance with judgment filed herein on August 1, 1936, without bond, enjoining and prohibiting the Motors Securities Company, Incorporated, and D. J. Derrick, Sheriff of Sabine Parish, Louisiana, or either of them from selling or attempting to sell one Stevens trailer Chevrolet truck, motor number T-3808352, which was advertised for sale in suit No. 12,748 on the docket of this court, or from proceeding further with the sale of said property of the plaintiff herein, recalling the order for executory process issued in said suit; and releasing said property from seizure under writ of seizure and sale issued in said suit; reserving unto the defendant, Motors Securities Company, Incorporated, the right to institute suit by executory process or otherwise in execution of the mortgage for all unpaid balance which may now be due upon the indebtedness due them by plaintiff herein.

"It is further ordered, adjudged and decreed that the plaintiff herein, Douglas Heard, do have and recover of the defendant, Motors Securities Company, Inc., judgment for $50.00 as attorney's fees in this matter, with 5% interest from date hereof until paid; together with all costs of this proceeding; reserving unto the plaintiff herein the right to sue for all damages that might have been caused him by the seizure of said property.

"Thus done and rendered this 23rd day of December, 1936.

"Wm. H. Ponder<br>"Judge."

We have carefully studied the testimony in the record and are not convinced that the finding of fact by the lower court is erroneous. We therefore accept its finding as correct.

Counsel for defendant contends here that, regardless of the facts, plaintiff was without right in law to have an injunction issue for the reason no irreparable injury was threatened; that the truck should have been sold under executory process, although the sale was illegal; that plaintiff should have been relegated to an action for damages and a moneyed judgment to cover same. He cites the following authorities in support of this contention: Adams v. Town of Ruston, 3 La. App. 188; Dastugue v. Cohen, 14 La.App. 475, 131 So. 746; Minden Syrup Company v. Applegate (La.App.) 150 So. 421, and Rapides Dairy Dealers' Co-operative Ass'n v. Mathews (La.App.) 158 So. 247.

The decisions are not authority for defendant's contention.

The right to enjoin an executory process when the debt is not due or has been paid is specifically provided for in Code of Practice, arts. 738, 739, and 742.

We find no error in the judgment of the lower court, and it is affirmed, with costs.