146 So.2d 672 (1962)
Johnie L. AMACKER
v.
Gerald and Willard AMACKER.
No. 5591.
Court of Appeal of Louisiana, First Circuit.
November 9, 1962.
*673 Anthony J. Clesi, Jr., Baton Rouge, for appellants.
Joel B. Dickinson, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
Defendants herein, Gerald and Willard Amacker, have taken this appeal from the judgment of the lower court rejecting and dismissing their motion and rule to set aside a temporary restraining order and preliminary injunction issued against them upon the application of plaintiff-appellee, Johnie L. Amacker.
The facts and circumstances culminating in the instant litigation are undisputed and only questions of law are presented herein.
On July 14, 1961, plaintiff-appellee, Johnie L. Amacker, instituted this action against Gerald and Willard Amacker (plaintiff's sons), for the purpose of having plaintiff recognized and declared owner of and entitled to Savings Account Number B-11,186 in the American Bank and Trust Company, Baton Rouge, Louisiana, which said account, in the sum of $1,718.45 is in the name of defendants, Gerald and Willard Amacker.
Plaintiff's prayer for injunctive relief prohibiting defendants from withdrawing the disputed funds from the bank pending the outcome of this litigation is predicated upon the following allegations contained in Articles 5 and 6 of plaintiff's petition, which said articles are herein set forth in full as follows:
"5.
"Petitioner fears that during the pendency of these proceedings that the said defendants will withdraw the funds in said savings account from the American Bank and Trust Company and place them beyond the jurisdiction of this court and it is therefore necessary that the said defendants be restrained and enjoined from withdrawing said account from the American Bank and Trust Company and the American Bank be restrained and enjoined from permitting the said account to be withdrawn during the pendency of these proceedings.
"6.
"That in order to protect petitioner's rights in the premises it is necessary that a rule nisi issue herein directed to said defendants, ordering them to show cause on a day and at an hour to be fixed by this Honorable Court, why the funds in savings account Number B-11,186 in the American Bank and Trust Company should not be turned over and delivered to petitioner or why the said savings account should not be changed from the names of said defendants to petitioner's name at said bank."
Based solely upon the foregoing allegations, our learned brother below issued the *674 temporary restraining order requested by plaintiff and, following a hearing upon appellants' rule to show cause why said temporary restraining order should not be dissolved and set aside and damages and attorney's fees awarded defendants for wrongful issuance thereof, refused to set aside said temporary restraining order, rejected and dismissed appellants' demand for damages and attorney's fees and issued the preliminary injunction prayed for by appellee.
On appeal esteemed counsel for appellant urges that the trial court erred (1) in failing to dissolve the temporary restraining order issued herein when, upon trial of appellants' motion to dissolve, appellee failed to show that irreparable injury, loss or damage would result from its dissolution and upon the failure of appellee to establish circumstances which, in law, entitled appellee to injunctive relief; (2) in granting the preliminary injunction prayed for by appellee despite appellee's failure to establish that irreparable loss, injury or damage would otherwise result to appellee and further notwithstanding appellee's failure to show that the instant case is one in which our laws authorize the issuance of an injunction; and (3) failing to award appellants damages for the wrongful issuance of the temporary restraining order.
Pertinent and applicable to the issues herein presented for resolution are Articles 3601 and 3603 LSA-C.C.P. which provide as follows:
"Art. 3601. Injunction, grounds for issuance; preliminary injunction; temporary restraining order
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.
"During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, in accordance with the provisions of this Chapter.
"Except as otherwise provided by law, an application for injunctive relief shall be by petition.
"Art. 3603. Temporary restraining order; affidavit of irreparable injury
"A temporary restraining order shall be granted without notice when it clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had.
"The verification or the affidavit may be made by the plaintiff, or by his counsel, or by his agent."
The Official Revision Comments appearing as a footnote to Article 3601 LSA-C.C.P. is quoted herein in full as follows:
"Official Revision Comments
"(a) The jurisprudential rules governing the circumstances under which an injunction issues are not changed. Although Art. 298 of the Code of Practice lists ten specific grounds for injunction, these are not exclusive. State ex rel. Belden v. Fagan, 22 La.Ann. 545 (1870); State [ex rel. Gurley] v. King, 49 La.Ann. 881, 21 So. 585 (1897); Pennington v. Drews, 209 La. 1, 24 So. 2d 156 (1945); Minden Syrup Co. v. Applegate, 150 So. 421 (La.App. 1933); Rapides Dairy Dealers' Co-op Assn. v. Mathews, 158 So. 247 (La.App.1935), and there are other code articles and statutory provisions authorizing injunctive relief. See Art. 302, Code of Practice; La.Civil Code Arts. 149, 866-869, 1929. For this reason, no provisions similar to Art. 298 of the Code of Practice have been included in this Code, adopting instead the equitable rule established under Art. 303 of the *675 Code of Practice. Wherever it has been considered desirable to authorize specifically the issuance of an injunction in connection with a particular procedural device, such provisions have been included elsewhere in this Code.
"(b) The purposes served by Arts. 297, 299, and 302 of the Code of Practice are now accomplished under a different approach by the rules of Art. 1092, supra. See also, Art. 2299, supra, which codifies the rules of Arts. 300 and 301 of the Code of Practice."
From the foregoing it clearly appears that the provisions of the newly revised and effective Code of Civil Procedure intended no change or alteration in the prior jurisprudence respecting the right to injunctive relief or the circumstances under which temporary restraining orders and injunctions may issue. Moreover, LSA-C.C.P. Article 3603 clearly and unmistakably provides that a temporary restraining order shall be granted only when it appears from specific facts shown by a verified petition that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served upon the party sought to be enjoined and a hearing held. The rule thus established is merely a codification of the previously existing jurisprudence. In this regard we cite the following enunciation appearing in Rapides Dairy Dealers' Co-op Ass'n v. Mathews, 1935, La.App., 158 So. 247.
"* * * The writ of injunction, being a harsh, drastic, and extraordinary remedy, should issue only where the party seeking same is threatened with irreparable loss or injury without adequate remedy at law."
Irreparable injury, loss or damage is that injury, loss or damage for which the injured party cannot be compensated adequately in damages or for which his damages cannot be measured by a pecuniary standard. City of Lake Charles v. Lake Charles Ry., Light & Waterworks Co., 144 La. 217, 80 So. 260; Louisiana State Board of Medical Exam. v. Tackett, La.App., 70 So.2d 207.
It is significant to note that in the case at bar plaintiff's petition merely recites that he fears defendants will withdraw the money claimed by petitioner and dispose of same during the pendency of this action and fails to aver that denial of the injunctive relief sought will result in irreparable injury to petitioner herein.
From the facts alleged by petitioner, it is clear that the only injury which petitioner herein could conceivably sustain is the loss of a sum of money the amount of which is fixed, definite and certain, an injury which, if incurred, can be readily compensated in money and easily measured by pecuniary standards. In this regard we deem significant the fact that not only does plaintiff's petition fail to recite that a judgment against defendants would be valueless either because of defendants' insolvency or for other reasons but also the record affirmatively establishes the financial ability of defendants to respond in judgment in the event they were cast herein.
In Minden Syrup Company v. Applegate, La.App., 150 So. 421, we find what we consider to be an excellent statement of the law regarding the right to injunctive relief. We concur in the following language appearing therein:
"The right to resort to the judicial mandate of injunction is not an absolute one. It is an equitable writ and should issue only in those cases specifically pointed out by law, or where irreparable injury to the personal or property rights of the individual will result unless protected by its restraining effect.
* * * * * *
"As a rule, a plaintiff has not the right, contemporaneously with the filing of a suit seeking a money judgment, to enjoin his debtor from disposing of his property during the pendency of the suit. If this were not true, *676 this `strong arm of equity' would be habitually invoked as a means to protect ofttimes doubtful rights, resulting in the paralysis of defendant's legitimate business.
"In the instant case, plaintiff only alleges that it `fears and believes' that defendant will pledge or dispose of the stock on the price of which it is asserted he owes a balance, and that if he does so plaintiff will suffer irreparable injury. It is not alleged that defendant has no other property subject to execution, nor is it alleged or intimated that he is insolvent. So far as this record discloses, he may have an abundance of property available to his creditors. The allegation that irreparable injury will be caused plaintiff if defendant does pledge or dispose of the stock before judgment is secured against him, without alleging facts supporting same, is merely a conclusion of the pleader.
* * * * * *
"Every injury that flows from an unlawful act, or which follows a passive breach of duty or disregard of obligation, is not irreparable. If the supposed or threatened injury is compensable in money, generally speaking, it is not irreparable. In City of Lake Charles v. Lake Charles Ry., Light & Waterworks Co., 144 La. [217,] 221, 80 So. 260, 261, the court adopted a definition of irreparable injury, viz.:
"`An irreparable injury is one for which the party injured cannot be compensated adequately in damages, or for which the damages cannot be measured by a pecuniary standard.'
"See, also, State [ex rel. Bayou Sara Lumber Co.] v. Brunot, 112 La. 425, 36 So. 481; Adams v. Ruston, 3 La.App. 188.
* * * * * *
"Where there is an adequate remedy at law, resort to injunction should not be upheld."
In the instant cause the quoted allegations of plaintiff's petition clearly entitled plaintiff to the legal remedy of sequestration as authorized by Article 3571 LSA-C.C.P. which provides as follows:
"Art. 3571. Grounds for sequestration
"When one claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action."
Plaintiff herein being possessed of an adequate remedy at law was not entitled to injunctive relief. It is well settled in our jurisprudence that injunction being a harsh remedy, it is only available in those instances wherein the rights of the party seeking injunctive relief are not otherwise adequately protected by ordinary legal processes. Rapides Dairy Dealers' Co-op Ass'n v. Mathews, La.App., 158 So. 247; Chapital v. Walker et al., La.App., 30 So.2d 150.
In view of the foregoing, it follows that the temporary restraining order and preliminary injunction herein issued by the trial court were improvidently and improperly granted and must be dissolved and set aside.
We will now consider appellants' claim for damages in the aggregate of $8,000.00 consisting of the sum of $7,000.00 allegedly due because of the mental pain and anguish, humiliation and embarrassment and damage to defendants' reputations reputedly resulting from the wrongful issuance of the temporary restraining order and preliminary injunction in question, together with the additional sum of $1,000.00 claimed by defendants as attorney's fees.
The award of damages for wrongful issuance of a temporary restraining order or preliminary injunction is governed and *677 controlled by the provisions of Article 3608 LSA-C.C.P which provide as follows:
"Art. 3608. Damages for wrongful issuance of temporary restraining order or preliminary injunction
"The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits."
It appears that the provision of Article 3608, LSA-C.C.P., authorizing assessment of damages for wrongful issuance of a temporary restraining order or preliminary injunction is not mandatory in its application. We note that the article expressly provides "The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction" and that attorney's fees for services rendered in connection with the dissolution thereof "may be included as an element of damages * * *." Use of the word "may" in each of the aforesaid instances clearly indicates that the award of such damages are left entirely to the discretion of the court in each individual case.
Appellants' claim of damages for alleged mental pain and anguish, humiliation and embarrassment and injury to reputation purportedly resulting from the injunction which improperly issued herein, may be dismissed with the statement that the record before us is barren of evidence to support such claim.
With respect to appellants' claim for attorney's fees for services rendered herein by appellants' attorney who has been successful in obtaining dissolution of the injunction issued, it appears that plaintiff is presently approximately 70 years of age and is suffering both mental and physical deterioration. For a number of years plaintiff has been unable to work and has resided alternately in the respective homes of defendants who have cared for plaintiff and provided for all plaintiff's needs by supplementing to whatever extent is necessary, plaintiff's income of $76.00 monthly derived wholly from public welfare assistance. The record leaves not the slightest doubt that plaintiff is in impecunious circumstances and financially dependent upon defendants to a marked degree. Plaintiff's entire resources consist of the amount in dispute between the parties at bar if, in fact, said account is the property of plaintiff.
Under the circumstances shown the discretion vested in us with respect to the matter of attorney's fees, impels us to reject and deny appellants' claim for damages in this regard.
For the reasons herein assigned, it is ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby annulled, reversed and set aside and judgment rendered herein in favor of appellants, Gerald and Willard Amacker and against appellee, Johnie L. Amacker, cancelling and dissolving the writ of preliminary injunction herein issued by the Honorable Fred S. LeBlanc, Judge, Nineteenth Judicial District Court, East Baton Rouge Parish.
It is further ordered, adjudged and decreed that appellants' claims for damages be and the same are hereby rejected and denied; all costs of these proceedings to be paid by appellee, Johnie L. Amacker.
Reversed and rendered.