232 So.2d 303 (1970)
Joe R. DANZIE, Plaintiff-Appellee,
v.
Jesse RUTLAND et al., Defendants-Appellants.
No. 11368.
Court of Appeal of Louisiana, Second Circuit.
February 3, 1970.
Davenport, Files & Kelly, by William G. Kelly, Jr., Monroe, for Liberty Mut. Ins. Co., intervenor-appellant.
Guerriero & Guerriero, by Joseph D. Guerriero, Monroe, for Joe R. Danzie, appellee.
Theus, Grisham, Davis, Leigh & Brown, by J. Backman Lee, Monroe, for Jesse Rutland and Aetna Casualty & Surety Co., appellees.
Before BOLIN, DIXON, and WILLIAMS, JJ.
WILLIAMS, Judge.
Appellant, Liberty Mutual Insurance Company, has taken this appeal from the judgment of the trial court sustaining a motion to dissolve a temporary restraining order obtained by appellant and assessing appellant with attorney's fees. The appellees have answered this appeal and requested an increase of the penalties and fees assessed by the trial court.
The facts and circumstances resulting in the instant litigation are undisputed and only questions of law are presented.
*304 Joe Danzie filed the original proceedings herein against Jesse Rutland and his liability insurer, Aetna Casualty and Surety Company for damages resulting from personal injuries received in an accident. At the time of the accident Danzie was driving a truck in the scope and course of his employment with Wolf Baking Company, Inc. Danzie was disabled in this accident, was entitled to, and received workmen's compensation payments from his employer's insurer, Liberty Mutual. Appellant was notified that Danzie filed a suit for damages against Rutland and Aetna. Appellant timely intervened in the suit claiming its priority for the recovery of weekly benefits and medical expenses in the total amount of $3,862.83 previously paid to Danzie, such payments to be received by appellant by preference and priority out of any funds recovered by Danzie from defendants.
Prior to the original suit being assigned for trial, negotiations between all parties took place in order to effect a compromise and settlement of all claims. Appellant's claim as to the total amount due was not acceptable to Danzie and Aetna. In due course appellant was notified that Danzie and Aetna had reached a compromise settlement and that by its terms Aetna was to pay Danzie the sum of $5,000 for all his claims in excess of the amounts claimed by Liberty Mutual. The settlement was to be effected on a remittitur basis with full reservations of all rights and claims of Liberty Mutual.
After appellant received notice of the proposed compromise settlement, but prior to its consummation, Liberty Mutual sought and obtained from the trial court a temporary restraining order enjoining Danzie, Rutland and Aetna from entering into such a compromise agreement. Liberty Mutual alleged it would suffer irreparable injury because Danzie may not be financially responsible and that Liberty Mutual would "likely be unable" to recover the amount of $3,862.83 from Danzie. Liberty Mutual further alleged that its right to recover from Aetna under existing laws of this state was in doubt.
Danzie through his counsel and Rutland and Aetna through counsel each filed motions to dissolve the temporary restraining order and asked for damages and attorney's fees for the improvident issuance thereof.
On appeal counsel for appellant urges that the principal question herein is the following issue of law: Can the defendant pay to plaintiff the sum in settlement of the plaintiff's claims without satisfying the priority claim of the intervenor and without the consent and acquiescence of the intervenor? Before this issue can be considered the claim of Liberty Mutual that it would suffer irreparable injury based on its allegations must be resolved. The following articles of the Code of Civil Procedure are pertinent and applicable to the issues herein presented:
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.
"During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, in accordance with the provisions of this Chapter.
"Except as otherwise provided by law, an application for injunctive relief shall be by petition." [LSA-C.C.P. Art. 3601]
"A temporary restraining order shall be granted without notice when it clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had.
"The verification or the affidavit may be made by the plaintiff, or by his counsel, or by his agent." [LSA-C.C.P. Art. 3603]
*305 Judge Landry in the case of Amacker v. Amacker, 146 So.2d 672 (1st Cir. 1962) stated:
"* * * Moreover, LSA-C.C.P. Article 3603 clearly and unmistakably provides that a temporary restraining order shall be granted only when it appears from specific facts shown by a verified petition that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served upon the party sought to be enjoined and a hearing held. The rule thus established is merely a codification of the previously existing jurisprudence. In this regard we cite the following enunciation appearing in Rapides Dairy Dealers' Co-op Ass'n v. Mathews, 1935, La.App., 158 So. 247.
`* * * The writ of injunction, being a harsh, drastic, and extraordinary remedy, should issue only where the party seeking same is threatened with irreparable loss or injury without adequate remedy at law.'" [146 So.2d 672, 675]
Our courts have defined irreparable injury, loss or damage, as that injury, loss or damage for which his damages cannot be measured by a pecuniary standard. Amacker v. Amacker, supra; City of Lake Charles v. Lake Charles Railway Light & Waterworks Company, 144 La. 217, 80 So. 260 (1918); Louisiana State Board of Medical Examiners v. Tackett, 70 So.2d 207 (2d Cir. 1953).
A careful reading of the petition of appellant shows that the petitioner is voicing his fears or apprehension that petitioners would "likely be unable" to collect a money judgment against Aetna. No mention is made as to the financial status or obligation of Rutland.
From the allegations in the petition by appellant it is obvious that the only injury that Liberty Mutual could possibly sustain is the loss of a sum of money, the amount of which is certain, fixed and definite. Such an injury which, if it should occur, would be readily compensable in money and easily measured by pecuniary standards. The simple allegation that appellant would "likely be unable" to collect from Danzie does not render such a claim valueless. Appellant does have an adequate remedy at law and may proceed accordingly. This legal right is set out in the original petition of intervention by Liberty Mutual in seeking its rights of subrogation to the rights of Danzie in accord with the provisions of the Louisiana Workmen's Compensation Act, particularly Louisiana Revised Statutes 23:1101 et seq.
The trial court held that appellant was not entitled to injunctive relief. We agree with this conclusion of the trial court for the reasons assigned. LSA-C.C.P. Art. 3608 provides:
"The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits." [LSA-C.C.P. Art. 3608]
The trial court awarded Danzie $250 as attorney's fees. Such an award is reasonable and is in the sound discretion of the trial court. Counsel for Danzie has answered this appeal and requested an increase of this sum. A like amount was awarded to Rutland and Aetna who have also requested an increase in the award to them. On appeal, counsel for Danzie filed his answer to appellant's appeal and his brief in this case. However, counsel did not appear for oral argument before this court. This appellate work by counsel for Danzie should be compensated and we hereby assess an additional sum of $100 as attorney's fees in favor of Danzie. Counsel for Rutland and Aetna in addition to answering *306 appellant's appeal filed his brief and appeared in person to argue this matter before this court and should likewise be compensated. We hereby assess an additional sum of $250 as attorney's fees in favor of Rutland and Aetna. Appellant is assessed with all costs.
Judgment amended, and as amended, affirmed.