MORRIS, Judge.
This suit was brought by the Town of Logansport against Millard Copley, Patsy Reese Moore and Harold Cogswell. The principal allegations of the plaintiff’s petition are that:
(1) In November or December, 1972, the defendant, Patsy Reese Moore, abandoned a house trailer-mobile home within the corporate limits of the Town of Logansport;
(2) The defendant, Harold Cogswell, Chief of Police of the Town of Lo-gansport, acting in his official capacity at the time, took the house trailer-mobile home into his possession and custody;
(3) Prior to the abandonment, the defendant, Millard Copley, while married to the defendant, Patsy Reese Moore, acquired in some manner the house trailer-mobile home in the State of Indiana;
(4) None of the defendants have a bill of sale, certificate of title, or any other indicia of ownership of the house trailer-mobile home;
(5) The house trailer-mobile home is a thing abandoned within the meaning of Article 3421 of the La.Civil Code, and that the Town of Logansport, through the Chief of Police in his official capacity, is the master or owner of the property;
(6) The defendant, Harold Cogswell, claims ownership of the property in his individual capacity or claims that he is entitled to storage and wrecker fees for moving the house trailer-mobile home to his premises in Lo-gansport, Louisiana;
(7) Harold Cogswell is sued both in his official capacity and individually.
Plaintiff then alleges that plaintiff fears defendant Cogswell will dispose of or otherwise take action prejudicial to plaintiff’s proprietory interest and that a temporary restraining order and preliminary injunction are necessary to protect plaintiff’s rights. On these allegations a temporary restraining order was issued May 13, 1974, directed at defendant Cogswell with a rule to show cause why a preliminary injunction should not issue. Defendant Cogswell filed a “Motion for Dissolution of Temporary Restraining Order and Denial of Preliminary Injunction”. This motion was made returnable May 20, 1974, and heard *904 at the same time as the rule for a preliminary injunction. On May 28, 1974, a judgment was rendered in which the trial judge held:
(1) That the temporary restraining order having expired and there being no evidence of damages to defendant or the incurrence of attorney’s fees relating to efforts to dissolve same, the matters relating to the temporary restraining order are now moot, and
(2) That defendant, Harold Cogswell, has had the property in his possession since 1972 and there being no evidence that irreparable injury, loss or damage might result to plaintiff by the continuance of possession in defendant pending the final disposition of the issues, the rule for preliminary injunction was denied.
Thereafter, many exceptions, motions and other pleadings were filed by Town of Lo-gansport and Harold Cogswell. Eventually Harold Cogswell filed an answer and re-conventional demand in which he claimed attorneys’ fees under LSA-R.S. 42:261(D). On September 23, 1974, the trial court heard an exception of no right and no cause- of action and an exception of non-joinder of indispensable party filed by defendant Cogswell. These exceptions were taken under advisement by the court. On September 27, 1974, trial was had on an exception of lis pendens, the merits and on the reconventional demand filed by defendant Cogswell. On January 14, 1975, the trial court rendered an opinion in which the exception of no cause of action to plaintiff’s petition was sustained and the reconventional demand of defendant Cog-swell was dismissed on an exception of no cause of action. The defendant, Harold Cogswell, alone appeals.
The appellant lists three assignment of errors:
(1) The Trial Court erred in not rendering a decision on whether the Temporary Restraining Order quoted in this proceeding was wrongfully issued and not reopening testimony to determine the amount of damage and attorney’s fees for this alleged wrongful issuance.
(2) The Trial Court erred by rendering a partial judgment in this matter which was not dispositive of the issues.
(3) The Trial Court erred by not finding that plaintiff in reconvention was sued in his official capacity thereby subjecting defendant in re-convention to the provisions of LSA-R.S. 42 ¡261(D), which is now entitled LSA-R.S. 42:261(E).”
ASSIGNMENT OF ERROR NO. 1
(a) Motion to Dissolve Temporary Restraining Order.
The hearing on the motion to dissolve the temporary restraining order and the rule for preliminary injunction were heard by the trial court within the ten-day life of the temporary restraining order, but the trial judge took the matter under advisement and did not hand down a ruling until the ten-day period had expired. We do not agree with his holding that the period of,the temporary restraining order having expired, the question of dissolution and attorneys’ fees relating to efforts to dissolve were moot. The Motion to Dissolve was fixed for hearing and hearing held before expiration of the life of the temporary restraining order, and mover cannot be defeated in his efforts to dissolve a restraining order by the court taking the matter under advisement. Whether or not the temporary restraining order was wrongfully issued remained a viable issue, as well as the defendant’s right to attorneys’ fees, and if the trial judge took the matter under advisement he should have extended the temporary restraining order.
*905 We do not disagree, however, with the trial judge insofar as the judgment results in the dissolution of the temporary restraining order. Article 3603 of the La. Code of Civil Procedure provides:
“A temporary restraining order shall be granted without notice when it clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had.
“The verification or the affidavit may be made by the plaintiff, or by his counsel, or by his agent.”
The plaintiff did not allege specific facts showing irreparable injury or damage. A conclusion only has been alleged — that plaintiff’s proprietary interest in the trailer would be prejudiced and that irreparable injury or damage to plaintiff’s rights in the premises would be sustained. The petition does not allege facts on how plaintiff would be irreparably damaged. In Amacker v. Amacker, 146 So.2d 672, 675 (La.App. 1st Cir. 1962) it was stated:
“Irreparable injury, loss or damage is that injury, loss or damage for which the injured party cannot be compensated adequately in damages or for which his damages cannot be measured by a pecuniary standard. City of Lake Charles v. Lake Charles Ry., Light & Waterworks Co., 144 La. 217, 80 So. 260; Louisiana State Board of Medical Exam. v. Tackett, La.App., 70 So.2d 207.”
There is no allegation in plaintiff’s petition that plaintiff could not be compensated adequately in damages or that damages could not be measured by a pecuniary standard. See also Danzie v. Rutland, 232 So.2d 303 (La.App.2d Cir. 1970). The motion to dissolve should have been granted or the wrongful issuance thereof at least recognized.
(b) Motion for Reopening of Testimony; Damages and Attorneys’ Fees on Motion to Dissolve Temporary Restraining Order
Defendant Cogswell in his motion for dissolution of the temporary restraining order claimed damages for mental pain and anguish, humiliation, embarrassment and injury to reputation and attorney’s fee for wrongful issuance thereof. After judgment was rendered holding the question of wrongful issuance moot this defendant filed a “Petition and Motion for Reopening of Testimony” in which he alleged that in a pretrial conference he advised counsel that it would be impossible for him to prove damages on the dissolution hearing since the court intended to take the matter under advisement and that the proper time to prove damages would be after a decision. He further states in his pleading that neither counsel for plaintiff nor the court voiced objections to these statements made at the pretrial hearing.
Although counsel for defendant Cogswell may have made these statements, the record does not show that plaintiff’s counsel or the court agreed to hold the case open for proof of damages, or that a specific reservation was made by counsel for further evidence. We do not find an abuse of discretion on the part of the trial judge for refusing to reopen the matter for receiving testimony on damages.
With regard to attorney’s fees, defendant Cogswell was not prevented from submitting evidence of damages at the trial on the merits, for Article 3608 La.Code of Civil Procedure provides:
“The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a recon-ventional demand. Attorney’s fees for the services rendered in connection with the dissolution of a temporary restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or *906 after trial on the merits.” (Emphasis Supplied)
Moreover, the services of the attorney on the motion to dissolve were rendered under the eye of the court, and the trial court was fully able to estimate the value of this service and render an award without proof thereof in the record. Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956); Fontenot v. Himel, 124 So.2d 403 (La.App. 1st Cir. 1960).
Prior to the adoption of the Code of Civil Procedure, Article 304 of the Code of Practice made the payment of damages upon dissolution of an injunction mandatory, but Article 3608 of the La.Code of Civil Procedure makes the assessment of damages for wrongful issuance of a temporary restraining order discretionary, Muller v. Buckley, 143 So.2d 231 (La.App. 4th Cir. 1962). In Amacker v. Amacker, 146 So.2d 672 (La.App. 1st Cir. 1962) the court examined the financial condition of the plaintiff who had wrongfully obtained a temporary restraining order, and held that under the circumstances of the case the discretion vested in the court would be exercised to deny attorneys’ fees. In Mecom v. Mueller, 235 So.2d 597 (La.App. 4th Cir. 1970) the court considered all of the circumstances of the transaction and denied damages and attorneys’ fees.
Plaintiff-appellee, Town of Logansport, is a municipal corporation and obviously any attorneys’ fees assessed by this court would be paid from public funds. The temporary restraining order enjoined the disposition of the house trailer by defendant Cogswell. From his own testimony he did not have any intention of alienating the house trailer which had been in his possession since 1972. Thus there was no necessity for his employment of an attorney to dissolve the temporary restraining order, for it only enjoined what he had no intention of doing anyway. Up to the hearing on the rule for preliminary injunction defendant Cogswell had suffered no detriment by the issuance of the order.
The hearing on the rule for preliminary injunction was adequate protection to defendant and to award attorneys’ fees for dissolution under these circumstances would be to grant such fees for the successful defense of a rule for preliminary injunction which is not provided for in the statute. Exercising the discretion vested in us by the above codal article and the jurisprudence, an examination of all the facts in the present matter convinces us that attorneys’ fees for wrongful issuance of the temporary restraining order should be denied.
We, therefore, deny attorneys’ fees for dissolution. There being no evidence of other damages, there is nothing further to consider under this assignment of error.
ASSIGNMENT OF ERROR NO. 2
Defendant Cogswell asserts that the trial court rendered a partial judgment in violation of Article 1915 of the La.Code of Civil Procedure in that the rights of Millard Copley, Patsy Reese Moore and Bramble Bush, Inc., were not adjudicated and disposed of in the judgment. Millard Copley and Patsy Reese Moore were named defendants in the main demand. Bramble Bush, Inc., an Indiana corporation, filed on the day of the trial a pleading entitled “Joint Petition of Intervention” claiming to be the true and lawful owner of the house trailer. Plaintiff, Town of Logansport, joined in this intervention and recognized Bramble Bush, Inc., as the true and lawful owner.
With respect to the defendants, Millard Copley and Patsy Reese Moore, we note that although served with the original petition and cited to appear and answer same, these defendants never filed any pleading and that the minutes do not reveal that a preliminary default was ever entered against them. Therefore, a judgment could not have been rendered affecting them.
*907 The intervention of Bramble Bush, Inc., was never served on the defendants, Millard Copley and Patsy Reese Moore, as specifically required by Article 1093 of the La.Code of Civil Procedure. Although Citation on the petition of intervention was issued to these defendants, it appears'from the return of the Sheriff of DeSoto Parish that he failed to find the defendants' within the jurisdiction. No other service of the intervention was attempted. It further appears that none of the parties, Copley, Moore or Cogswell (who is now complaining) filed an answer to the Joint Petition of Intervention and no defaults were entered against them on the incidental demand, all as required by Articles 1031, 1035 and 1701, of the La.Code of Civil Procedure.
No judgment could be rendered for or against Millard Copley, Patsy Reese Moore or Bramble Bush, Inc., because (a) preliminary defaults were never entered against Millard Copley and Patsy Reese Moore on the main demand, (b) the “Joint Petition of Intervention” was never served upon them, they did not answer the petition of intervention, and no default was or could have legally been entered against them as the delay for answering had not expired, and (c) the intervention of Bramble Bush, Inc., was never answered by Harold Coswell, and likewise no default was or could have been legally entered against him. Earhardt v. Dermody, 242 So.2d 80 (La.App. 4th Cir. 1970); Reynolds v. Reynolds, 228 So.2d 182 (La.App. 3rd Cir. 1969); Texas Gas Transmission Corporation v. Gagnard, 223 So.2d 233 (La.App. 3rd Cir. 1969).
Adjudication solely of the issues between Town of Logansport and Harold Cogswell was perfectly proper. Article 1915 of the La.Code of Civil Procedure in permitting partial judgments only in certain cases contemplates actions in which proper services have been made on all parties and all answers filed or preliminary defaults entered which are required by law. Such is not the case here and this procedural article has no application. The rights of Copley, Moore and Bramble Bush, Inc., have not been tried, and the trial court disposed of all issues that it could possibly adjudicate. Only Town of Logansport and Harold Cogswell were before the Court.
ASSIGNMENT OF ERROR No. 3
The judgment of the trial court on the reconventional demand for attorneys’ fees is the only remaining issue. In the reconventional demand defendant Cogswell claims attorneys’ fees under LSA-R. S. 42:261, subsection (D), now designated subsection (E) as amended by Act No. 696 of 1974, which reads as follows:
“Any party who shall file suit against any duly elected or appointed public official of the State of Louisiana or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office . . ., and who shall be unsuccessful in his demands shall be liable to said public official for all attorneys’ fees incurred by said public official in the defense of said lawsuit or lawsuits .
“The defendant public official shall have the right by rule to require the plaintiff to furnish bond, as in the case of bond for costs, to cover such attorneys’ fees before proceeding with the trial of said cause.”
After a trial on the merits the trial judge sustained an exception of no cause of action to the reconventional demand in which he held (1) that the words “any party” as used in the statute should be inter-unsuccess fully suing a public official, not preted to apply only to a private person to a municipal corporation (a political subdivision) suing another public official, and (2) that defendant Cogswell was sued primarily as an individual and not in his official capacity. We agree with the ruling of the trial court, but for different reasons.
*908 In his reconventional demand defendant Cogswell only alleges that he is being sued in his official capacity as Chief of Police of the Town of Logansport. He does not allege facts showing that he was engaged in “the performance. of the duties of his office.” This allegation is essential under the statute and the public official must bear the burden of proving same.
Moreover, in denying paragraph 2 of plaintiff’s petition in his answer, defendant Cogswell denies that he was acting in an official capacity, and even considering the testimony offered on the reconventional demand the evidence preponderates that he was acting in an individual capacity, and claiming a personal right of possession and use.
For the reasons herein assigned, the judgment of the trial court is affirmed at appellant’s cost.