GUIDRY, Judge.
Clayton Nunez, Burnell Nunez and Margie Nunez Mazzucco, the forced heirs of Carrie Marshall Erbelding, who died testate on June 30, 1977, filed this action on August 16, 1978, seeking to enjoin defendant, Harry 0. Erbelding, plaintiffs’ stepfather and the decedent’s surviving spouse, from selling any assets comprising part of the decedent’s estate. The allegations of plaintiffs’ petition are that: they were decedent’s forced heirs; no succession or probate proceeding had been opened; they had been advised by defendant of his intent to sell certain assets, in particular cattle, allegedly comprising part of the decedent’s estate, with the understanding that funds realized from the sale would be held in trust until ownership of the cattle were judicially determined; they had not had an opportunity to count, identify or appraise said cattle and will be unable to do so if the cattle are sold; and, an injunction is necessary to protect their interests. Upon plaintiffs furnishing bond, a temporary restraining order was issued enjoining the defendant from selling any asset which might comprise the estate of Carrie Erbelding.
Defendant answered by general denial further asserting that the only cattle in his possession formed a part of his separate estate; and, that the succession of Carrie Erbelding had been opened and he had been appointed executor and thus, the injunction was improper.
The temporary restraining order was continued in effect, with consent of the defendant, pursuant to LSA-C.C.P. Art. 3604, until such time as a hearing was held on plaintiffs’ rule for preliminary injunction and a ruling made thereon. The rule was heard on September 24, 1979. The trial judge rendered judgment, assigning written reasons, on October 10, 1980, however, a formal judgment was not signed until February 22, 1983. Judgment was rendered in favor of defendant and against plaintiffs, rejecting their demands and dismissing their suit. On March 4, 1983, Clayton Nunez and Margie Mazzucco perfected a suspensive appeal pursuant to LSA-C. C.P. Art. 3612. The defendant neither appealed nor answered the appeal.
The hearing on the preliminary injunction was by proof as in ordinary cases. The judgment which dismissed plaintiffs’ *1337 suit also passed on the permanent injunction and effectively disposed of all issues presented by the pleadings. Although there was no express stipulation that the hearing on the preliminary injunction would be consolidated with trial on the merits for the permanent injunction, plaintiffs do not complain or brief this issue. We therefore consider this appeal as an appeal from a final judgment which disposed of plaintiffs’ demand for a permanent injunction. See Southwest Sales and Manufacturing Company, Inc. v. Delta Express, Inc., 342 So.2d 281 (La.App. 3rd Cir.1977), writ refused, 345 So.2d 48 (La.1977).
At the hearing on the rule, plaintiffs admitted that on August 23, 1979, a statutory testament dated October 13, 1969, was admitted to probate in the “Succession of Carrie Marshall Erbelding” and that defendant, Harry Erbelding, was appointed as executor of decedent’s estate. Prior to the taking of evidence, it was stipulated that any evidence adduced at this hearing would also be made a part of the succession proceeding. The only evidence adduced at trial pertained to the issue of ownership of the cattle in the defendant’s possession, i.e., whether the cattle formed a part of the defendant’s separate estate, the decedent’s separate estate, or the community of acquets and gains which formerly existed between decedent and the defendant.
In his written reasons for judgment, the trial judge made certain findings with regard to the issue of ownership of the cattle in question. These findings and conclusions, which are not set forth in the judgment appealed from but only appear in the trial judge’s written reasons, were unnecessary to a resolution of the single issue before the court. It is primarily these findings of which the plaintiffs complain on appeal. As aforestated, the final judgment does nothing more than dismiss plaintiffs’ suit for injunctive relief. It does not declare the ownership of the property to be in either of the parties. As previously mentioned, the evidence adduced at this hearing was also made a part of the succession proceeding. That proceeding is the proper forum for resolution of the issue of ownership of the livestock in question. Since we consider the trial court’s findings and conclusions concerning ownership of the cattle to be pure dicta, we express no opinion on this issue.
The sole issue before the district court and now before this court on appeal is whether plaintiffs are entitled to injunctive relief.
LSA-C.C.P. Art. 3601 provides in part that an injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant. Irreparable injury has consistently been defined by the courts of this state as that injury, loss or damage for which the injured party cannot be adequately compensated in money damages or for which his damages cannot be measured by pecuniary standards. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981). Also, where the applicant has available other adequate remedies at law, the courts will decline to impose the harsh remedy of injunctive relief. Succession of Vice, 385 So.2d 554 (La.App. 3rd Cir.1980), writ denied, 392 So.2d 1066 (La.1982); Amacker v. Amacker, 146 So.2d 672 (La.App. 1st Cir.1962); Danzie v. Rutland, 232 So.2d 303 (La.App. 2d Cir.1970).
In his written reasons for judgment, the trial court dismissed plaintiffs’ demand for injunction finding that plaintiffs failed to demonstrate that they would suffer irreparable injury, in that, any interests the plaintiffs might have in the property of the succession was protected by defendant’s fiduciary obligation to the plaintiffs as executor of the decedent’s estate and also by other existing remedies, including, if appropriate, adequate compensation in money damages. We agree.
It is clear from the facts alleged in plaintiffs’ petition and the evidence adduced at trial that plaintiffs have failed to show the necessary irreparable harm to entitle them to the issuance of an injunction. Plaintiffs have admitted in their petition that the funds realized from any sale of the cattle *1338 would be held in trust until ownership of the cattle was judicially determined. Therefore, any loss suffered as a result thereof is injury which could be readily compensated in money and easily measured by pecuniary standards. Furthermore, once the succession was opened and the defendant was appointed as the executor of the estate, the plaintiffs had available many other adequate remedies under the provisions of Book VI of the Louisiana Code of Civil Procedure. As executor of the estate, the defendant has the duty of collecting, preserving and managing the property of the succession as a prudent administrator. LSA-C.C.P. Art. 3191. As executor of decedent’s estate, the defendant must have court authorization to sell any property of the succession or to continue any business of the deceased. LSA-C. C.P. Art. 3261 and 3224. Most importantly, any interested party may traverse the process verbal of the inventory or descriptive list filed in the succession proceeding. LSA-C.C.P. Art. 3135 and 3137.
For these reasons, we find that the trial court properly found that plaintiffs failed to show irreparable harm so as to entitle them to injunctive relief. For these reasons, the judgment of the trial court is affirmed and plaintiffs are cast for all costs of this appeal.
AFFIRMED.